J-S22011-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| LOUIS WILLIAM KROON | : | |
| | : | |
| Appellant | : | No. 1569 MDA 2024 |

Appeal from the Judgment of Sentence Entered May 9, 2024
In the Court of Common Pleas of Luzerne County Criminal Division at
No(s):  CP-40-CR-0000356-2021

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| LOUIS WILLIAM KROON | : | |
| | : | |
| Appellant | : | No. 1570 MDA 2024 |

Appeal from the Judgment of Sentence Entered May 9, 2024
In the Court of Common Pleas of Luzerne County Criminal Division at
No(s):  CP-40-CR-0000357-2021

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| LOUIS WILLIAM KROON | : | |
| | : | |
| Appellant | : | No. 1571 MDA 2024 |

Appeal from the Judgment of Sentence Entered May 9, 2024
In the Court of Common Pleas of Luzerne County Criminal Division at
No(s):  CP-40-CR-0001266-2021

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |

:
          v.                              :
                                          :
                                          :
LOUIS W KROON                             :
                                          :
          Appellant                       :    No. 1572 MDA 2024

Appeal from the Judgment of Sentence Entered May 9, 2024
In the Court of Common Pleas of Luzerne County Criminal Division at
No(s):  CP-40-CR-0001267-2021

COMMONWEALTH OF PENNSYLVANIA    :    IN THE SUPERIOR COURT OF
                                :         PENNSYLVANIA
                                :
          v.                    :
                                :
                                :
LOUIS KROON                     :
                                :
          Appellant             :    No. 1573 MDA 2024

Appeal from the Judgment of Sentence Entered May 9, 2024
In the Court of Common Pleas of Luzerne County Criminal Division at
No(s):  CP-40-CR-0002066-2023

COMMONWEALTH OF PENNSYLVANIA    :    IN THE SUPERIOR COURT OF
                                :         PENNSYLVANIA
                                :
          v.                    :
                                :
                                :
LOUIS W. KROON                  :
                                :
          Appellant             :    No. 1574 MDA 2024

Appeal from the Judgment of Sentence Entered May 9, 2024
In the Court of Common Pleas of Luzerne County Criminal Division at
No(s):  CP-40-CR-0001478-2023

COMMONWEALTH OF PENNSYLVANIA    :    IN THE SUPERIOR COURT OF
                                :         PENNSYLVANIA
                                :
          v.                    :
                                :
                                :

LOUIS WILLIAM KROON          :
                                     :

           Appellant                :      No. 1575 MDA 2024

Appeal from the Judgment of Sentence Entered May 9, 2024
In the Court of Common Pleas of Luzerne County Criminal Division at
No(s): CP-40-CR-0003399-2023

BEFORE:    LAZARUS, P.J., BOWES, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY LAZARUS, P.J.:          **FILED: SEPTEMBER 3, 2025**

Louis William Kroon appeals from the judgments of sentence,[1] entered in the Court of Common Pleas of Luzerne County, following his convictions at: CP-40-CR-0000356-2021 (No. 356-2021) of one count of possession with intent to deliver (PWID)—fentanyl;[2] CP-40-CR-0000357-2021 (No. 357-2021) of one count of delivery—heroin;[3] CP-40-CR-0001266-2021 (No. 1266-2021) of one count of possession of controlled substance—suboxone;[4] CP-40-CR-0001267-2021 (No. 1267-2021) of one count each of PWID—fentanyl, and carrying firearm without a license;[5] CP-40-CR-0002066-2023 (No. 2066-

---

[*] Former Justice specially assigned to the Superior Court.

[1] Kroon filed separate notices of appeal in accordance with the dictates of **Commonwealth v. Walker**, 185 A.3d 969 (Pa. 2018) and Pa.R.A.P. 341. On March 16, 2025, Kroon filed an application for consolidation at each docket and, on March 26, 2025, this Court consolidated Kroon's appeals. **See** Order, 3/26/25; Pa.R.A.P. 513.

[2] 35 P.S. § 780-113(a)(30).

[3] **Id.**

[4] **Id.** at § (a)(16).

[5] 18 Pa.C.S.A. § 6106(a)(1).

2023) of one count of PWID—methamphetamine; CP-40-CR-0001478-2023 (No. 1478-2023) of one count of PWID—fentanyl; and, CP-40-CR-0003399-2023 (No. 3399-2023) of one count of PWID—methamphetamine. Additionally, Kroon's counsel, Robert M. Buttner, Esquire, has filed an application to withdraw as counsel and an accompanying **Anders**[6] brief at each docket. Upon review, we grant Attorney Buttner's application to withdraw and affirm Kroon's judgments of sentence.

In 2021, Kroon was arrested and charged with four different cases, all relating to either possession and distribution of heroin, suboxone, and fentanyl, or unlawful possession of a firearm. In 2023, during the pendency of the 2021 cases, Kroon was ultimately released on bail, during which he was arrested and charged with three more cases, all of which related to either possession or distribution of methamphetamine and fentanyl.

Ultimately, on March 27, 2024, Kroon entered into a consolidated negotiated guilty plea at each of the above-captioned dockets. In the agreement, Kroon agreed to plead guilty to the above-mentioned offenses and the Commonwealth agreed to withdraw several offenses across the seven dockets. Additionally, Kroon and the Commonwealth agreed to a sentence of 90-180 months' incarceration based upon the parties' joint belief that Kroon's prior record score (PRS) was zero. The trial court accepted Kroon's guilty

---

[6] **Anders v. California**, 386 U.S. 738 (1967); **Commonwealth v. McClendon**, 434 A.2d 1185 (Pa. 1981); **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009).

pleas, deferred sentencing, and ordered the preparation of a pre-sentence investigation report (PSI).

On May 9, 2024, the trial court conducted the consolidated sentencing hearing. During the hearing, the trial court and the parties discerned that Kroon's PRS was actually one due to prior misdemeanor convictions. *See* N.T. Sentencing Hearing, 5/9/24, at 2-9. As a result, Kroon was subject to higher standard-range minimum sentences. *See id.* (discussing minimum sentencing ranges). After the recalculation of his PRS and minimum sentencing ranges, Kroon did not object or move to withdraw his guilty pleas. Ultimately, the trial court sentenced Kroon in the standard range to an aggregate period of 108 to 216 months' incarceration. Notably, while the trial court imposed most of the agreed-upon sentence, due to Kroon's recalculated PRS, the trial court imposed an aggregate minimum sentence that was 18 months longer than his negotiated sentence. Finally, the trial court concluded that Kroon was RRRI eligible.

On May 17, 2024, Kroon filed a timely post-sentence motion seeking reconsideration of his sentence and arguing that the trial court should amend his aggregate sentence to 90-180 months' incarceration to reflect that his negotiated plea agreements were premised on a PRS of zero. *See* Post-Sentence Motion, 5/17/24, at 1-2. Kroon also argued that the reduced sentence would more accurately reflect consideration of his rehabilitative needs, acceptance of responsibility, his trauma, and his struggle with addiction, and he argued that the trial court's sentence was manifestly

excessive. ***See id.*** Kroon did not seek to withdraw his guilty pleas but, rather, raised his claims as challenges to the discretionary aspects of his sentences. ***See id.*** On September 23, 2024, the trial court entered an order denying Kroon's post-sentence motion by operation of law.

Kroon filed timely notices of appeal and counsel filed Pa.R.A.P. 1925(c)(4) statements of intent to file an ***Anders*** brief on appeal. Additionally, Attorney Buttner has filed, with this Court, applications to withdraw, at each docket, and an ***Anders*** brief. Kroon did not file a *pro se* brief, nor did he retain alternate counsel for this appeal.

Before addressing Kroon's issues on appeal, we must determine whether Attorney Buttner has complied with the dictates of ***Anders*** and its progeny in petitioning to withdraw from representation. ***See Commonwealth v. Mitchell***, 986 A.2d 1241, 1243 n.2 (Pa. Super. 2009) ("[w]hen presented with an ***Anders*** brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw"). Pursuant to ***Anders***, when counsel believes that an appeal is frivolous and wishes to withdraw from representation, he must:

> (1) petition the court for leave to withdraw stating that after making a conscientious examination of the record and interviewing the defendant, counsel has determined the appeal would be frivolous, (2) file a brief referring to any issues in the record of arguable merit, and (3) furnish a copy of the brief to defendant and advise him of his right to retain new counsel or to raise any additional points that he deems worthy of the court's attention. The determination of whether the appeal is frivolous remains with the court.

- 6 -

*Commonwealth v. Burwell*, 42 A.3d 1077, 1083 (Pa. Super. 2012) (citations omitted).

Additionally, the Pennsylvania Supreme Court has explained that a proper *Anders* brief must:

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361.

After determining that counsel has satisfied the technical requirements of *Anders* and *Santiago*, this Court must then "conduct a simple review of the record to ascertain if there appear on its face to be arguably meritorious issues that counsel, intentionally or not, missed or misstated." *Commonwealth v. Dempster*, 187 A.3d 266, 272 (Pa. Super. 2018) (en banc).

Instantly, our review of counsel's *Anders* brief and application to withdraw reveals that Attorney Buttner has complied with each of the technical requirements of *Anders*/*Santiago*. Attorney Buttner indicates that he has made a conscientious examination of the record and determined that an appeal would be frivolous. The record further reflects that Attorney Buttner has furnished a copy of the *Anders* brief to Kroon and advised Kroon of his right to retain new counsel, proceed *pro se*, or raise any additional points that

he deems worthy of this Court's attention. Additionally, the **Anders** brief complies with the requirements of **Santiago**. As Attorney Buttner has complied with all of the requirements for withdrawing from representation, we will examine the record and make an independent determination of whether Kroon's appeal is, in fact, wholly frivolous.

In the **Anders** brief, Attorney Buttner argues that Kroon's sentence was manifestly excessive and the trial court failed to consider Kroon's mitigating circumstances. **See Anders** Brief, at 14-15. These claims challenge the discretionary aspects of Kroon's sentence, from which there is no automatic right to appeal.[7] **See Commonwealth v. Austin**, 66 A.3d 798, 807-08 (Pa. Super. 2013).

---

[7] Generally, a defendant who enters into a negotiated plea agreement as to sentencing may not seek discretionary appeal related to agreed-upon sentencing terms. **See Commonwealth v. Brown**, 982 A.2d 1017, 1019 (Pa. Super. 2009). After review of the record, we conclude that **Brown** does not bar review of Kroon's challenge to the discretionary aspects of his appeal. Importantly, Kroon's negotiated sentence of 90-180 months' incarceration was based upon the parties' belief that he had a PRS of zero. However, the PSI recalculated Kroon's PRS as one. As a result, the parties agreed that his PRS was properly calculated as one, but did not clearly reach a new sentencing agreement on the record. **See** N.T. Sentencing Hearing, 5/9/24, at 9-11, 15-16 (Commonwealth requesting new standard ranges for offenses based upon PRS one); **id.** at 11-13, 14-15 (Kroon's defense counsel requesting trial court honor original sentencing agreement). Instead, the trial court, although implementing most of the original agreement, ultimately imposed multiple sentences in the standard range for PRS one, which resulted in the aggregate 108 to 216 months' incarceration. Therefore, we cannot conclude that the trial court imposed the original agreed-upon terms such that **Brown** would preclude our review. Accordingly, we address the merits of Kroon's challenge to the discretionary aspects of his sentence.

Rather, when an appellant challenges the discretionary aspects of his sentence, we must consider his brief on this issue as a petition for permission to appeal. *Commonwealth v. Yanoff*, 690 A.2d 260, 267 (Pa. Super. 1997). Prior to reaching the merits of a discretionary issue,

> [this Court conducts] a four-part analysis to determine: (1) whether the appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa. Super. 2010) (quotation marks and some citations omitted).

Here, Kroon filed timely post-sentence motions and notices of appeal, and Attorney Buttner included a Rule 2119(f) statement in the *Anders* brief. Moreover, we determine that Kroon's claim that his sentence was manifestly excessive and that the trial court failed to consider mitigating circumstances raises a substantial question for our review. *See Commonwealth v. Caldwell*, 117 A.3d 763, 770 (Pa. Super. 2015) (excessive sentence claim combined with claim court failed to consider mitigating factors raises substantial question); *see also Commonwealth v. Coulverson*, 34 A.3d 135, 143 (Pa. Super. 2011) (finding substantial question where appellant argued trial court focused on seriousness of offense and did not consider rehabilitative needs). Accordingly, we review the discretionary aspects of Kroon's sentences.

We adhere to the following standard of review:

Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias[,] or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Carr*, 262 A.3d 561, 568 (Pa. Super. 2021) (citation omitted).

A sentencing judge has broad discretion in determining a reasonable penalty, and appellate courts afford the sentencing court great deference, as it is the sentencing court that is in the best position to "view the defendant's character, displays of remorse, defiance or indifference[,] and the overall effect and nature of the crime." *Commonwealth v. Walls*, 926 A.2d 957, 961 (Pa. 2007) (citation omitted). When imposing a sentence, the sentencing court must consider "the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S.A. § 9721(b). "[A] court is required to consider the particular circumstances of the offense and the character of the defendant." *Commonwealth v. Griffin*, 804 A.2d 1, 10 (Pa. Super. 2002). In particular, the sentencing court should refer to the defendant's prior criminal record, his age, personal characteristics, and his potential for rehabilitation. *Id.* Further, "where the trial court is informed by a [PSI], it is presumed that the court is aware of all appropriate sentencing

factors and considerations, and that where the court has been so informed, its discretion should not be disturbed." ***Commonwealth v. Ventura***, 975 A.2d 1128, 1135 (Pa. Super. 2009) (citation omitted).

At the sentencing hearing, the trial court put the following reasons for its sentence on the record:

> Kroon, I don't dispute the fact that you had a bad addiction problem throughout all of this. Okay. I won't take issue with that. But, you know, the record also shows that you were dealing a lot of drugs, and you were making a lot of money. And when you got out, I think it was in January of 2021, instead of walking over [to] the case manager and saying, hey, I have this bad addiction problem, I want you to assess me and I'll take whatever help you can give me, you went right back to drugs. And you were arrested three additional times for drug-related offenses.
>
> So[,] I can't lose si[ght] of the fact that even though you had a legitimate addiction problem—and I hope through the programs and courses you're able to get ahold of that—you were also dealing [drugs]. And at no point, as far as I can tell, did you seek out treatment.
>
> Certainly, you were released in 2021 with those court cases pending, you were in a position to know that there was help available if you really wanted to take advantage of it. But look, I'm going to order the assessments. I'm going to try to get you whatever programs are available at the state level. And then it's up to you to take advantage of those programs and hopefully do what you're telling me you want to do as far as being a better person. And hopefully, it's going to happen.
>
> * * *
>
> So[,] I have reviewed the [PSI]. I've considered Kroon's acceptance of responsibility by way of guilty plea.

N.T. Sentencing Hearing, 5/9/24, at 16-17.

In addition, we note that Kroon exercised his right to allocution and detailed his struggles with addiction, his remorse, and requested that he be permitted to seek treatment while incarcerated. *See id.* at 13-14 (Kroon's allocution). Additionally, throughout its pronouncement of Kroon's sentence, the trial court expressed several times that it was keeping several portions of the previously negotiated sentencing agreement due to Kroon's mitigating factors. *See id.* at 18-23 (trial court imposing portions of sentencing agreement); *id.* at 20 (trial court acknowledging standard range for No. 1267-2021's carrying firearm without a license conviction as 18-30 months but deviating downwards to impose sentence of 12-24 months). We further note that the trial court had the benefit of a PSI. *See Ventura*, *supra*. Moreover, the trial court imposed all of Kroon's sentences in either the standard or mitigated range and most of the sentences were imposed concurrently. Therefore, we discern the trial court did not abuse its discretion and, accordingly, Kroon's claim lacks merit.

Finally, our independent review of the record discloses no other "arguably meritorious issues that counsel, intentionally or not, missed or misstated." *Dempster*, 187 A.3d at 272. As such, we agree Kroon's appeal is wholly frivolous. We grant Attorney Buttner's application to withdraw and affirm the judgments of sentence.

Judgments of sentence affirmed.  Application to withdraw granted.

Judgment Entered.

_____

Benjamin D. Kohler, Esq.
Prothonotary


Date: 09/03/2025